**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

    **v.**

**ARISTOTLE R. MATSA,**
      **Defendant.**

**CASE NO. 2:09-cr-297
JUDGE EDMUND A. SARGUS, JR..**

**OPINION AND ORDER**

This matter is before the Court on the Government's Notice of Conflict of Interest of Attorney Thomas M. Tyack as Trial Counsel as to Aristotle R. Matsa (Doc. 31) ("Motion to Disqualify").  For the reasons that follow, the motion is GRANTED.

**I.**

In May of 2006, a federal grand jury began investigating Defendant Aristotle R. Matsa and various business entities to which he was connected.  On September 19, 2006, Mr. Matsa was served with a subpoena duces tecum in his capacity as custodian of records and commanded to produce certain documents related to specified business entities and individuals identified in an attachment to the subpoena.  In response to the subpoena, Mr. Matsa, through his attorney, Mr. Tyack, sent a letter on September 20, 2006 to the United States Department of Justice asserting that he was not the custodian of records for the majority of the entities listed on the attachment to the subpoena and, therefore, that any records related to those entities were not in his possession or under his control.

Subsequently, Mr. Matsa was indicted on charges that he corruptly obstructed, impeded, and impaired the due administration of the Internal Revenue Service laws, in violation of 26 U.S.C. § 7212(a); aided and assisted in the preparation and presentation of false and fraudulent U.S. income tax returns for estates and trusts, in violation of 26 U.S.C. § 7206(2); failed to file a

report of a foreign bank account, in violation of 31 U.S.C. §§ 5314, 5322(b); conspired to commit offenses against the United States, in violation of 18 U.S.C. § 371; tampered with witnesses in an official proceeding, in violation of 18 U.S.C. § 1512(b); made a false statement in a matter within the jurisdiction of the executive branch of government, in violation of 18 U.S.C. § 1001; and obstructed justice, in violation of 18 U.S.C. §§ 1503(a). (Indictment, December 22, 2009, D.E. 3; Superseding Indictment, June 23, 2010, D.E. 51.)

By letter dated January 11, 2010, the Government informed Mr. Tyack that it believed his role in responding to the grand jury subpoena had created a conflict barring his representation of Mr. Matsa at trial. The Government's motion to disqualify Mr. Tyack followed. Mr. Matsa filed a response in which he contended that Mr. Tyack's disqualification was not warranted. The Court held two hearings on the matter, and ordered additional briefing by both parties. Having been fully briefed, the motion is now ripe for disposition.

## II.

The Government seeks Mr. Tyack's disqualification as trial counsel on the grounds that he is likely to be a necessary witness in the event that Mr. Matsa asserts an advice-of-counsel defense concerning the letter submitted to the Department of Justice in response to the grand jury subpoena duces tecum, and that continuing as counsel would therefore violate Ohio Rule Professional Conduct 3.7; that even if he is not called to testify, Mr. Tyack, in explaining events in which he was personally involved, may become an "unsworn witness" not subject to cross-examination, thereby prejudicing the Government's ability to prosecute the case; and/or that the jury could believe that Mr. Tyack engaged in improper conduct, that he is incompetent as an attorney, or that he was complicit in the criminal conduct with which Mr. Matsa is charged, thereby damaging his credibility as defense counsel and impugning the public's perception that

2

Mr. Matsa was given a fair trial.[1] The Government also seeks disqualification of Mr. Tyack's law firm. Mr. Matsa, through counsel, opposes Mr. Tyack's disqualification. He concedes, however, that if the Court disqualifies Mr. Tyack, all attorneys in Mr. Tyack's firm must also be disqualified. *See* Df.'s Response to Gov't.'s Supplemental Notice of Conflict, D.E. 99, at 3.

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees the right of assistance of counsel to all criminal defendants. U.S. Const. amend VI. Assistance of counsel is a guaranteed right to "ensure that criminal defendants receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The focus of the right-to-counsel inquiry is "on the adversarial process, not the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657, n. 21 (1984). Accordingly, the United States Supreme Court has recognized only a qualified right to counsel of a defendant's choosing. *Wheat v. United States*, 486 U.S. 153, 158-59 (1988). "While the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id*. at 159.

Although courts are to apply a presumption in favor of a defendant's preferred counsel, *United States v. Mays*, 69 F.3d 116, 121 (6th Cir. 1995), "such a presumption may be overcome because such a choice must be balanced with 'the court's integrity of the proceedings and the public's interest in the proper administration of justice.'" *United States v. Swafford*, 512 F.3d 833, 839 (2008) (quoting *Wheat*, 486 U.S. at 163)). The tribunal's interest in the integrity of the proceedings may "trump the defendant's choice" when defense counsel has an actual or potential

---

[1] The Court emphasizes that its analysis and conclusions in this opinion and order in no way reflect on defense counsel's integrity, professionalism, ethics, or competence.

conflict of interest. *Swafford*, 512 F.3d at 839. A court is not required to wait until a potential conflict ripens into an actual conflict or to be certain that a conflict will in fact arise before making a determining whether to disqualify counsel. *Id.* at 840-41. Accordingly, even though an actual conflict does not yet exist in this case, the Court finds it necessary to determine whether the Government has identified a sufficiently severe potential conflict of interest to warrant Mr. Tyack's disqualification.

### B. Necessary Witness

The Government contends that Mr. Tyack should be disqualified because he is likely to be a necessary witness at trial, in violation of the proscription against an attorney appearing as both an advocate and a witness in the same litigation under the Ohio Rules of Professional Conduct. *See* Ohio R. Prof. Conduct 3.7. In this regard, the Government contends that Mr. Tyack was directly involved in drafting, reviewing, and submitting the September 20, 2006, letter to the Department of Justice in response to the subpoena duces tecum issued in the grand jury investigation that resulted in a specific count in the indictment giving rise to this action. Counts 18 and 21 allege, respectively, that Mr. Matsa conspired to obstruct justice and obstructed justice by virtue of the letter sent by Mr. Tyack in response to the grand jury subpoena. The Government further contends that this letter will be key evidence in its proof of the conspiracy and obstruction of justice charges and that Mr. Tyack is integrally connected to both the evidence and the representations made to the grand jury. Accordingly, the Government concludes that Mr. Matsa is likely to assert an advice-of-counsel defense concerning the letter and that Mr. Tyack will need to be called to testify on matters relating to any advice he gave Mr. Matsa in connection to that letter.

In response, Mr. Matsa acknowledges the possibility that he may assert such a defense, and he further acknowledges that he may call Mr. Tyack as a witness should that occur. Notwithstanding the potential conflict, Mr. Matsa contends that Mr. Tyack's disqualification at this stage of the proceedings would result in substantial hardship to his ability to mount an adequate defense to the charges against him.[2] Accordingly, Mr. Matsa maintains that Mr. Tyack need not be disqualified because Rule 3.7 provides an applicable exception to the advocate-witness bar.

"Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat,* 486 at 160. The parties agree that the relevant ethical standard governing the issue at bar is Rule 3.7 of the Ohio Rules of Professional Conduct. That rule provides, in relevant part:

> (a)  A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
> (1)  the testimony relates to an uncontested issue;
> (2)  the testimony relates to the nature and value of legal services rendered in the case;
> (3)  the disqualification of the lawyer would work a *substantial* hardship on the client.

Ohio R. Prof. Conduct 3.7(a).

Here, in asserting an advice-of-counsel defense, Mr. Matsa has only two witnesses to the alleged advice he received concerning the preparation and submission of the September 20, 2006, letter—himself and Mr. Tyack. Moreover, Mr. Matsa has informed the Court that he reserves the right to raise the advice-of-counsel defense and that if he does so, Mr. Tyack may be

---

[2] The parties attempted to reach an agreed stipulation of waiver of Mr. Matsa's advice-of-counsel defense in the belief that it would resolve the disqualification dispute. Ultimately, however, Mr. Matsa elected not to enter into the Government's proposed stipulation.

5

called to testify.  The Government has informed the Court that, if Mr. Matsa asserts an advice-of-counsel defense, it may call Mr. Tyack as a witness, even if the defense elects not to do so.  Accordingly, the Court finds that Mr. Tyack is likely to be called as a witness relating to the advice-of-counsel defense concerning the September 20, 2006 letter.   Assuming Mr. Matsa asserts the defense of advice of counsel, the Court finds that there is a substantial potential that Mr. Tyack could become a fact witness as to matters involved with the sending of the letter.  Thus, Rule 3.7 provides support for the Government's position that Mr. Tyack should be disqualified.

As noted above, Mr. Matsa relies upon the substantial-hardship exception of Rule 3.7 to support his position that Mr. Tyack should not be disqualified.  Specifically, he claims that Mr. Tyack has represented him in several matters arising from his divorce and from juvenile litigation concerning his daughter.  He further claims that, as a result of their lengthy professional relationship, Mr. Tyack acquired information in previous proceedings that relates to the allegations in the superseding indictment, including, for example, knowledge about the character of and the testimony presented by several of the Government's potential witnesses.  According to Mr. Matsa, other counsel would not be able to acquire this information.  Additionally, he contends that he would suffer substantial prejudice if substitute counsel were to assume his representation in this case because new counsel would have to begin his representation in the middle of ongoing discovery disputes between the parties concerning voluminous paper records and electronic and cassette recordings.

As to Mr. Matsa's argument that the Rule 3.7(a)(3) exception should apply, the Court concludes that he has not shown substantial hardship.  Regarding his contention that substitute counsel would lack the insights and information that Mr. Tyack has about potential Government

6

witnesses, nothing precludes Mr. Tyack from conveying his knowledge to Mr. Matsa's new counsel or otherwise assisting new counsel in the handling of this case.  Regarding his claim that the parties' unresolved discovery disputes would be overly burdensome for counsel not already familiar with the evidence in dispute, the Court acknowledges that a change in counsel may be inconvenient, but such a change does not work a substantial hardship.  The trial in this matter has been continued pending the Court's resolution of various motions.  Accordingly, substitute counsel would not be assuming Mr. Matsa's representation on the eve of trial.  Thus, the Court finds that Mr. Tyack's disqualification would not result in substantial hardship to Mr. Matsa.

In addition to considering the ethical rules of professional conduct, the Court also considers the duty of the tribunal to ensure that the proceedings appear fair to all who observe them and that a defendant receives a fair trial.  These considerations also weigh in favor disqualification in this case.  The Court finds that permitting Mr. Tyack to continue as an advocate in the same litigation in which he is likely to testify would risk undermining the public's perception of the integrity of the proceedings and may impair the fairness of the trial. *See General Mill Supply Co. v. SCA Servs*., Inc., 697 F.2d 704, 711 (6th Cir. 1982) (in making disqualification determinations, courts must consider "the interest of the public in the proper safeguarding of the judicial process").  This is so because the jury may conclude that his testimony diminishes the effectiveness of his representation as an advocate, given the possibility that the Government would have incentive to damage his credibility as a witness or to show that he gave bad legal advice, potentially diminishing his effectiveness as trial counsel for Mr. Matsa.  In addition, the Court finds that Mr. Matsa would benefit from representation by conflict-free counsel to assist him in reaching a fully informed decision about whether or not to assert an advice-of-counsel defense to the conspiracy and obstruction of justice charges involving the

September 20, 2006, letter which Mr. Tyack helped draft, review, and submit in response to the grand jury subpoena, and whom to call as witnesses should he elect to assert that defense. *See United States v. Timmer*, 70 F.3d 1273 (6th Cir. 1995) (unpublished decision) (upholding disqualification of counsel based in part upon lower court's finding that defendant needed independent counsel in order to make an informed decision on raising an advice-of-counsel defense).

      **C.**     **Unsworn Witness**

Even if neither party calls Mr. Tyack as a witness, his connection to the circumstances surrounding the preparation and submission of the September 20, 2006, letter may render him an unsworn witness. An attorney acts as an unsworn witness when the attorney has acquired, through his relationship with his client, first-hand knowledge of facts that will be presented at trial. *United States v. Locascio*, 6 F.3d 924, 933 (2d Cir. 1993). In such situations, disqualification may be warranted even if the attorney is not called to testify. The United States Court of Appeals for the Second Circuit explains:

> Even if the attorney is not called, however, he can still be disqualified, since his performance as an advocate can be impaired by his relationship to the events in question. For example, the attorney may be constrained from making certain arguments on behalf of his client because of his own involvement, or may be tempted to minimize his own conduct at the expense of his client. Moreover, his role as advocate may give his client an unfair advantage, because the attorney can subtly impart to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross examination.

*United States v. Locascio*, 6 F.3d 924, 933 (2d Cir. 1993) (citing *United States v. McKeon,* 738 F.2d 26, 34-35 (2d Cir.1984) (disqualification required where attorney would serve dual role as both an advocate and a witness); *United States v. Cunningham,* 672 F.2d 1064, 1075 (2d Cir.1982) (disqualification warranted where attorney's role as advocate would allow him to act as unsworn witness for defendant); *United States v. Castellano,* 610 F.Supp. 1151, 1167

(S.D.N.Y. 1993) (disqualification from representation at trial stage warranted given that mere appearance of testifying attorney at counsel's table was sufficient to distort factfinding process)).

In this case, Mr. Tyack's first-hand knowledge of any communications that he had with Mr. Matsa in connection to the September 20, 2006, letter and related circumstances may give Mr. Matsa an unfair advantage because Mr. Tyack would be in a position to implicitly testify before the jury by offering—at summation, for example—his interpretation of Mr. Matsa's conduct while under Mr. Tyack's counsel and representation as that relates to the criminal charges in this action. The Government, however, would have no opportunity to cross-examine Mr. Tyack. Alternately, without casting any aspersions on counsel, it is possible that the jury could conclude that Mr. Tyack's connection to the letter implicates him in the same criminal conduct with which Mr. Matsa is charged. In either case, the public's perception of the integrity of the proceedings or the fairness of the trial itself, or both, could be undermined.

### III.

This Court reluctantly concludes that Mr. Tyack and his firm must be disqualified from serving as trial counsel for Mr. Matsa. This Court emphasizes that Mr. Tyack has, in his usual custom, acted in a wholly professional manner, has made all necessary efforts to disclose all pertinent information, and has sought to advance the best interests of his client. The decision reached herein is in no part based upon any improper conduct of Mr. Tyack. Instead, the opinion follows a disagreement between the parties involving the limits of representation by an attorney who has knowledge of disputed facts.

The Court recognizes that a defendant's selection of counsel is a most important right which should be honored in almost all instances. The Rules of Professional Conduct, however, impose restrictions upon attorneys acting as both a counsel and a fact witness in the same case.

In this case, Mr. Tyack may yet be called as a witness and he may assist Mr. Matsa in preparing his case. He may not also serve as trial counsel.

## IV.

For the reasons set forth above, the Court **GRANTS** the Government's Notice of Conflict of Interest of Attorney Thomas M. Tyack as Trial Counsel as to Aristotle R. Matsa (Doc. 31).

**IT IS SO ORDERED.**


 **October 19, 2010**                              */s/ Edmund A. Sargus, Jr.*
**DATE**                                            **EDMUND A. SARGUS, JR.**
                                                    **UNITED STATES DISTRICT JUDGE**